**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 28 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LOUIS DEAN COSCO, SCOTT
BAILEY, DAVE BACON, TIMOTHY
PAULEY, ORLAND GLENN, JEFF
FULLER, and MIKE CROSS,

      Plaintiffs-Appellants,

v.

JUDITH UPHOFF, Director, Wyoming
Department of Corrections;  JIM
FERGUSON, Warden, Wyoming State
Penitentiary,

      Defendants-Appellees.

No.  96-8069
(D.C. No. 96-CV-19)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs, seven inmates of the Wyoming State Penitentiary appearing pro se, appeal from the district court's order dismissing their civil rights suit without prejudice. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Plaintiffs are all long-term inmates who have acquired considerable amounts of personal property over the years. Plaintiffs filed both grievances and this suit under 42 U.S.C. § 1983 to challenge a proposed administrative regulation that would have instituted severe restrictions on the types and amounts of personal property any inmate could keep in his cell, and under which plaintiffs claimed they would have been unconstitutionally required to dispose of much of their property without compensation. After the suit was filed, defendants informed the district court that they had decided not to adopt the proposed policy as originally drafted. Instead, to resolve the numerous grievances challenging the policy, defendants added a "grandfather" clause to allow inmates already in possession of property in excess of the new limits, including plaintiffs, to keep their property, subject to forfeiture later for various disciplinary infractions. See, e.g., R. Vol. II, doc. 17, attachment at 1, 4. Although the original complaint was then moot, plaintiffs requested leave to amend their complaint to challenge the grievance resolutions, under which they claim they are still subject to being unconstitutionally deprived of their property without compensation. The district court denied leave to amend because plaintiffs had not alleged an actual injury

-2-

and their claim was therefore not ripe for adjudication. The court dismissed plaintiffs' complaint without prejudice to refiling later.

Among various arguments on appeal, plaintiffs contend that: (1) the district court erred in holding their claim was not ripe, and (2) defendants can be sued in their official capacities for declaratory and injunctive relief. Defendants counter that: (1) under Hudson v. Palmer, 468 U.S. 517 (1984), and Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986), plaintiffs do not state a claim for unconstitutional deprivation of property unless they show that post-deprivation remedies are inadequate; (2) plaintiffs failed to exhaust state remedies; (3) plaintiffs erroneously sued defendants in their official capacities, in which they are entitled to Eleventh Amendment immunity; and (4) plaintiffs seek an advisory opinion.

"Ripeness is a question of law, which we review de novo." New Mexicans For Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995). The anticipated deprivations of property challenged here are those that will be authorized by the new prison policy, not random or unauthorized forfeitures. For this reason, "the availability of an adequate state post-deprivation remedy is irrelevant and does not bar [plaintiffs'] § 1983 claim." See Gillihan v. Shillinger, 872 F.2d 935, 939-40 (10th Cir. 1989). It is the adequacy of the state's predeprivation hearing that would be at issue here, if plaintiffs had alleged a

deprivation of property had occurred or was imminent. See Abbott v. McCotter, 13 F.3d 1439, 1443 (10th Cir. 1994) (citing Gillihan, 872 F.2d at 939-40). Plaintiffs are not required to exhaust state administrative remedies before asserting their § 1983 claim. See Monroe v. Pape, 365 U.S. 167, 183 (1961), overruled on other grounds by Monell v. Dep't of Social Servs., 436 U.S. 658 (1978). Although plaintiffs erroneously sued defendants only in their official capacities, in which they are both immune from claims for damages, see Arizonans For Official English v. Arizona, 117 S. Ct. 1055, ___, 1997 WL 84990, at *14 n.24 (Mar. 3, 1997), plaintiffs could easily correct that problem by amending their complaint. See Griess v. Colorado, 841 F.2d 1042, 1045 (10th Cir. 1988).

We nevertheless affirm the dismissal because plaintiffs have alleged no actual injury. This creates not only a problem of ripeness but, more importantly, of standing, because a mere potential injury "does not suffice for the concrete, actual or imminent injury . . . required for standing". See Smith v. Colorado Dep't of Corrections, 23 F.3d 339, 341 (10th Cir. 1994). As in Smith, "[a]t this point, any alleged deprivation is conjectural and speculative." Id. Plaintiffs' conclusory allegation that the new policy does not provide for a predeprivation hearing in various unspecified circumstances is too vague to demonstrate an actual or imminent injury. Because plaintiffs do not claim to be able to remedy

this defect, the district court did not abuse its discretion by denying them leave to amend their complaint.  See Reeder v. American Economy Ins. Co., 88 F.3d 892, 896 (10th Cir. 1996).  We need not address the parties' other arguments.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge